CHICAGO & N. W. RY. CO. v. WILCOX CO.
et al.

No. 5026.

Circuit Court of Appeals, Seventh Circuit.
Jan. 13, 1934.

Rehearing Denied March 16, 1934.

884

Samuel H. Cady, William T. Faricy, Lowell Hastings, and P. F. Gault, all of Chicago, Ill., for appellant.

Thomas B. Lantry and Donovan Y. Erickson, both of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

EVANS, Circuit Judge.

Appellees insist that the bill of exceptions does not contain all of the evidence required to present the question raised by appellant in this court. Most of the testimony received by the Interstate Commerce Commission is not before us. That hearing, however, covered several complaints against different railroads, all of which were heard at one time. Among other questions, the reasonableness of certain rates was involved. Appellant eliminated all such evidence, and the Commission certified the remainder as containing "all" the evidence bearing on the determinative issue before us. This was all that was required, and appellant is to be commended for its effort to eliminate evidence and documents not material to the issue raised.

■ The question before us is somewhat narrowed by the action of the parties, each of whom moved unqualifiedly for a directed verdict. In view of such action appellant has assumed the burden of showing that there is no evidence to support the verdict which was thus directed in favor of its adversaries.

The statute makes the finding of the Interstate Commerce Commission in cases of this kind *prima facie* evidence of appellees' right to recover.

Section 16 (2), Interstate Commerce Act (49 USCA § 16 (2)): "* * * Such suit in the district court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated * * *."

■ It is the reparation order of the Interstate Commerce Commission which is the basis of this action, and the correctness of the judgment entered in the District Court is dependent upon the soundness of the ruling of the Interstate Commerce Commission, which in turn depends for its validity upon the application of appellant's published rates.

Appellant's tariff sheets on file with the Interstate Commerce Commission contained specific tariffs on shipments to Evanston and to Chicago from points of origin, which included Janesville and Beloit. The tariff sheets also contained a general clause applicable to intermediate stations, upon which appellees rely to support the order of the Commission. This clause reads as follows:

"Intermediate stations:—Rates provided in section 1 of this tariff apply from and to points named only, except that rates from or to intermediate points will be the same as shown in tariff from or to the next more distant point from or to which rates are named."

Appellees shipped sand and gravel from their pits at or near Janesville, Wisconsin, and South Beloit, Illinois, to points near Chicago, such as Lake Forest, Lake Bluff, Highland Park, Waukegan, West Chicago, Winnetka, Ravinia, etc. All of these destinations were in Illinois and (except West Chicago) were located north of both Chicago and Evanston.

The precise question is, then, What constitutes "intermediate stations"? The Commission, in disposing of this same question, said:

"* * * All of these routes are over the lines of a single carrier in the general direction of the destinations to which specific rates were named, and the distances over such routes to those destinations exceed the corresponding distances over the direct routes by only a few miles. To construe the governing tariffs in the absence of any routing restriction as providing for the application of the specific rates over all of these routes can not be said to be a strained and unnatural construction."

By referring to the above plat, it will be seen that shipments originating either at Janesville or Beloit could be routed to Evanston or Chicago in various ways so as to pass through Winnetka, Lake Forest, etc. The points of destination for the most part were between Kenosha and Evanston. Why, then, should the published rate to Evanston or to Chicago not apply?

It is the appellant's contention that the route which determines the proper charge would be from Janesville or Beloit through

Evanston and north to point of destination. On such a route the point of destination would be beyond Evanston and therefore not governed by the intermediate station clause.

█ Upon the consideration of all of the evidence, the ruling of the Interstate Commerce Commission, the fact that the carrier filed the tariff schedule under construction, and if uncertainty or ambiguity arises therefrom must stand the consequences, we conclude that the points of destination were intermediate points between Janesville and Beloit, and Evanston and Chicago and that the proper rate was applied by the Interstate Commerce Commission when the reparation order was entered.

The judgment is

Affirmed.